1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  SANDIPKUMAR TANDEL,                No. 2:11-cv-00353-MCE-GGH

12          Plaintiff,

13      v.                             **ORDER CONSOLIDATING RELATED CASES**

14
    COUNTY OF SACRAMENTO, SHERIFF
15  JOHN McGINEESS, individually
    and in his official capacity,
16  ANN MARIE BOYLAN, the chief of
    CORRECTIONAL HEALTH SERVICES
17  in her individual and official
    capacity, ASA HAMBLY MD,
18  individually and in her
    official capacity as Acting
19  Medical Director of Sacramento
    County Jail, KRONER RN,
20  FELICIANO NP, JAMES AUSTIN NP,
    BAUER MD, SOKOLOV MD, GARVEY
21  MD, SOTAK, KO MD, SAHBA MD, in
    their individual capacities,
22  and OFFICER WILSON in his
    individual and official
23  capacity, and DEFENDANT DOES
    1-50 [Officer Does 1-15,
24  Medical Does 16-35, Custodial
    Staff Supervisor Does 36-40,
25  Medical Staff Supervisor Does
    41-50] in their official and
26  individual capacities,

27          Defendants.
    _____/
28

                             1

1  SANDIPKUMAR TANDEL,                         No. 2:09-cv-00842-MCE-GGH

2              Plaintiff,

3       v.

4  COUNTY OF SACRAMENTO, SHERIFF
   JOHN McGINEESS, individually
5  and in his official capacity
   as Sacramento County Sheriff,
6  ANN MARIE BOYLAN, individually
   and in her official capacty as
7  Chief of Sacramento County Jail
   Correctional Health Services,
8  Dr. SMITH M.D., Dr. HAMBLY M.D.,
   And Dr. HOROWITZ M.C. and DOES
9  1-XXX,

10             Defendants.

11 _____/

12

13      By Order dated March 31, 2011, these cases were deemed

14 related in accordance with the provisions of Local Rule 123(a).

15 Counsel for Defendant in both cases, the County of Sacramento,

16 has now moved to consolidate the above numbered and entitled

17 lawsuits, pursuant to Federal Rule of Civil Procedure 42(a), into

18 a single action.  Rule 42(a) provides in pertinent part as

19 follows:

20      "when actions involving a common question of law or
        fact are pending before the court, it may order a joint
21      hearing or trial of any or all of the matters in issue
        in the actions; it may order all the actions
22      consolidated; and it may make such orders concerning
        proceedings therein as may tend to avoid unnecessary
23      costs or delay."

24 The purpose of consolidation under Rule 42(a), where cases share

25 such common questions of law or fact, is to enhance trial

26 court efficiency by avoiding unnecessary duplication of

27 proceedings and effort.

28 ///

                                    2

1   See, e.g., Enterprise Bank v. Saettele, 21 F.3d 233, 235-36 (8th

2   Cir. 1994); E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir.

3   1998). Consolidation of appropriate cases also guards against the

4   risk of inconsistent adjudications.   E.E.O.C. v. HBE Corp.,

5   135 F.3d at 550-51.

6        Factually, both cases assert violations of 42 U.S.C. § 1983

7   stemming from allegedly inadequate medical care received by

8   Plaintiff while incarcerated at the Sacramento County Main Jail.

9   Although two separate period of incarcerations are implicated by

10  the two lawsuits, they both identify purported inadequacies in

11  the care Plaintiff received for a rare virulent autoimmune

12  disorder, Neuromyelitis Optica.  The Defendants in both cases,

13  aside from Sacramento County itself, are similar although not

14  identical.  As indicated above, the Court has already determined

15  that the cases are related in the sense that they involve similar

16  questions of fact and of law.  Consolidation may be proper in

17  instances where numerous lawsuits arise from the same common

18  nucleus of operative facts.  See Team Enterprises, LLC v. Western

19  Investment Real Estate Trust, 2008 WL 4712759, * 1-2 (E.D. Cal.,

20  Oct. 23, 2009) (consolidation appropriate where actions presented

21  similar factual issues).  The Court must nonetheless weigh

22  considerations of judicial convenience in this regard against any

23  potential for delay, confusion and/or prejudice caused by

24  consolidation.  Southwest Marine, Inc. v. AAA Machine Shop, Inc.,

25  720 F. Supp. 805, 807 (N.D. Cal. 1989).

26  ///

27  ///

28  ///

1    Plaintiff has not opposed the County of Sacramento's
2    consolidation request.  Nor have counsel for any other Defendants
3    having appeared in these actions filed any opposition.  While
4    counsel for Defendants Sokolov and Garvey have expressed concern
5    about the logistics of consolidation should the Scheduling Order
6    applicable to the earlier filed case remain in effect, as set
7    forth below the current Scheduling Order in Case No. 2:09-cv-
8    0842-MCE-GGH will be vacated.  Accordingly there appears no
9    dispute that consolidation is appropriate.

10    Given that consensus, and following the Court's own
11    determination that consolidation will promote clarity, efficiency
12    and the avoidance of confusion and prejudice given the above-
13    enumerated common nucleus of operative facts, Defendant County of
14    Sacramento's Motion to Consolidate (filed as ECF No. 51 in Case
15    No. 2:09-cv-00842-MCE-GGH, and ECF No. 9 in Case No. 2:11-cv-
16    00353-MCE-GGH) is hereby GRANTED.[1]  The Court, in its discretion,
17    may order consolidation under those circumstances.  <u>See</u> <u>Johnson</u>
18    <u>v. Celotex Corp.</u>, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

19    Both actions are consequently consolidated for all purposes,
20    including trial.  The lead case in this consolidated action shall
21    be <u>Tandel v. County of Sacramento, et al.</u>, Case No. 2:11-cv-
22    00353-MCE-GGH.  All pending dates in both actions are hereby
23    vacated.

24    ///

25    ///

26

27        [1] Because oral argument would not be of material assistance,
28    this matter was deemed suitable for decision without oral
      argument.  E.D. Local Rule 230(g).

4

1  The parties are directed to submit a Joint Status Report in

2  accordance with the requirements outlined within the Court's

3  March 31, 2011 Order Requiring Joint Status Report in Case No.

4  2:11-cv-00353-MCE-GGH.

5      IT IS SO ORDERED.

6

Dated: May 3, 2011

7

8

9                                    _____
                                     MORRISON C. ENGLAND, JR.
10                                   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28